UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMANDA FISHER, ET AL.                                CIVIL ACTION

VERSUS                                                NO. 18-5801

UNITED STATES OF AMERICA,                             SECTION M (4)
ET AL.

## ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction filed by defendants the United States of America ("USA") and its agency, the Department of the Interior ("DOI") (collectively "Defendants"),[1] to which plaintiffs Amanda and Christopher Fisher (the "Fishers") respond in opposition,[2] and in further support of which Defendants reply.[3] Having considered the applicable law and the parties' memoranda, the Court issues this Order & Reasons.

The Fishers filed this action against Defendants seeking damages for injuries that Amanda Fisher allegedly sustained while hiking in Jean Lafitte National Park in Marrero, Louisiana.[4] The Fishers allege that Defendants were negligent in maintaining the park and failing to close it on the day of the accident due to muddy conditions.[5] They also allege that Defendants, as the custodian of the park, are liable for the ruin, vice, or defect in the park.[6]

Defendants filed the instant motion to dismiss arguing that this Court lacks subject-matter jurisdiction over the Fishers' claims because the federal government has not waived its sovereign

---

[1] R. Doc. 15.
[2] R. Doc. 19.
[3] R. Doc. 25.
[4] R. Doc. 1.
[5] *Id.* at 4-5.
[6] *Id.* at 4.

immunity with respect to the types of claims raised in the complaint.[7] Specifically, Defendants argue that the Federal Tort Claims Act, which is a limited waiver of sovereign immunity, limits the government's tort liability to the same extent as private individuals under like circumstances pursuant to the law of the state where the alleged tortious action occurred.[8] Louisiana's recreational use statutes, La. R.S. 9:2791 and 2795, relieve a premises owner from liability for injuries on its land when it allows others to use its land free of charge for activities, such as hiking, unless the owner willfully or maliciously fails to warn against a known danger.[9]

After Defendants filed the instant motion to dismiss, the Fishers moved for leave to file an amended complaint seeking to overcome the defenses provided by Louisiana's recreational use statutes by alleging that Defendants willfully failed to warn them of dangerous conditions at the park.[10] The United States Magistrate Judge denied the Fishers' motion finding that the proposed amendment would be futile because the facts alleged in the proposed amended complaint did not greatly differ from those of the original complaint, except "to add legal terminology designed to address the problem created by the state law that it must be willful and not negligence."[11] The proposed amended complaint did not allege any facts "setting forth the alleged willful conduct."[12] Thus, the United States Magistrate Judge found that, because "there are no allegations supporting the application of the legal terminology of 'the willfulness' of the federal defendants' conduct," the amendment to the complaint was "futile and fail[ed] to state a claim for which relief may be granted."[13]

The Fishers also filed an unopposed motion for leave to file a second amended complaint, again attempting to correct the jurisdictional facts alleged in the original complaint.[14] Because

---

[7] R. Doc. 15-1 at 4-11.
[8] *Id.*
[9] *Id.*
[10] R. Doc. 31 at 2.
[11] *Id.* at 4.
[12] *Id.*
[13] *Id.*
[14] R. Doc. 27.

2

the motion for leave was unopposed, this Court granted it, and the Fishers' second amended complaint was filed into the record.[15] The second amended complaint removes the DOI as a defendant, and like the first proposed amended complaint, the second amended complaint attempts to add factual allegations to overcome the defenses provided by Louisiana's recreational use statutes by alleging in conclusory fasion that Defendants' willful actions caused Amanda Fisher's injuries.[16]

Plaintiffs have the burden of pleading facts to establish the existence of the federal court's jurisdiction. *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (citations omitted). Defective jurisdictional allegations may be amended in the trial or appellate courts. 28 U.S.C. § 1653. Although "§ 1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds," a district court cannot permit an amended complaint to "remedy jurisdictional facts." *Whitmire*, 212 F.3d at 888 (quotation and citations omitted). "The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction." *Id.* (citations omitted). "The cause for this concern is readily apparent: never having had power to act in the matter, the court never had authority to permit an amendment to the complaint." *Id.* (quotation omitted).

In this case, the Fishers did not allege sufficient facts in their original complaint to establish jurisdiction. As explained by the Magistrate Judge, the Fishers' complaint does not state a viable claim against Defendants due to the application of Louisiana's recreational use statutes.[17] The second amended complaint improperly attempts to add facts in an effort to establish jurisdiction that did not exist in the first place. That is, the amendment impermissibly seeks to remedy defects in the jurisdictional facts themselves. Because this Court did not have

---

[15] R. Docs. 29 & 30.
[16] R. Doc. 30.
[17] R. Doc. 31 at 4.

3

subject-matter jurisdiction over the original complaint, it did not have the authority to permit the filing of the second amended complaint.

Accordingly, IT IS ORDERED that the USA and DOI's motion to dismiss (R. Doc. 15) is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 23rd day of January, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE