UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA FISHER, *ET AL.* | CIVIL ACTION |
| VERSUS | NO. 18-5801 |
| UNITED STATES OF AMERICA, *ET AL.* | SECTION M (4) |

## **ORDER & REASONS**

Before the Court is plaintiffs' motion under Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration[1] of this Court's January 23, 2019 Order & Reasons dismissing this action.[2] Defendant the United States of America ("the USA") responds in opposition to the motion,[3] and plaintiffs Amanda and Christopher Fisher ("the Fishers") reply in further support.[4] Having considered the applicable law and the parties' memoranda, the Court issues this Order & Reasons denying the Fishers' motion for reconsideration.

### I. BACKGROUND & PENDING MOTION

The Fishers filed this action against the USA seeking damages for injuries that Amanda Fisher allegedly sustained while hiking on the Plantation Trail in Jean Lafitte National Park in Marrero, Louisiana.[5] The Fishers alleged that the USA was negligent in maintaining the park and in failing to close the trail on the day of the accident due to muddy conditions.[6] They also alleged that the USA, as the custodian of the park, was liable for the ruin, vice, or defect in the park.[7]

---

[1] R. Doc. 34.
[2] R. Doc. 32.
[3] R. Doc. 35.
[4] R. Doc. 39.
[5] R. Doc. 1.
[6] *Id.* at 4-5.
[7] *Id.* at 4.

The USA filed a motion to dismiss arguing that this Court lacked subject-matter jurisdiction over the Fishers' claims because the federal government has not waived its sovereign immunity with respect to the types of claims raised in the complaint.[8] Specifically, the USA argued that the Federal Tort Claims Act ("FTCA"), which is a limited waiver of sovereign immunity, limits the government's tort liability to the same extent as private individuals under like circumstances pursuant to the law of the state where the alleged tortious action occurred.[9] Louisiana's recreational use statutes, La. R.S. 9:2791 and 2795, relieve a premises owner from liability for injuries on its land when it allows others to use its land free of charge for activities, such as hiking, unless the owner willfully or maliciously fails to warn against a known danger.[10]

After the USA filed its motion to dismiss, the Fishers moved for leave to file an amended complaint seeking to overcome the defenses provided in Louisiana's recreational use statutes by alleging that the USA willfully failed to warn them of dangerous conditions at the park.[11] On December 12, 2018, the Fishers' motion for leave was heard by the United States Magistrate Judge.[12] Before the Magistrate Judge issued an order on the motion for leave to amend, the Fishers filed a motion for leave to file a second amended complaint, similarly attempting to correct the jurisdictional defects of the original complaint.[13] Because the motion for leave to file a second amended complaint was unopposed, this Court granted the motion and the second amended complaint was filed into the record.[14]

On December 28, 2018, the Magistrate Judge issued an order denying the Fishers' motion for leave to file the first amended complaint, finding that the proposed amendment was "futile

---

[8] R. Doc. 15-1 at 4-11.
[9] *Id.*
[10] *Id.*
[11] R. Doc. 31 at 2.
[12] R. Doc. 26.
[13] R. Doc. 27.
[14] R. Docs. 29 & 30.

and fail[ed] to state a claim for which relief may be granted."¹⁵ The Magistrate Judge found that the additional allegations did not greatly differ from those of the original complaint, except "to add legal terminology designed to address the problem created by the state law that [failure to warn] must be willful and not negligence," nor did the amended complaint allege any facts "setting forth the alleged willful conduct."¹⁶

In light of the Magistrate Judge's findings, this Court determined that it had no subject-matter jurisdiction over the original complaint. As a result, on January 23, 2019, without subject-matter jurisdiction over the original complaint and seeing no new allegations in the second amended complaint to resolve the jurisdictional deficiencies found by the Magistrate Judge, this Court concluded that it did not have the authority to permit the filing of the second amended complaint and dismissed this action without prejudice.¹⁷ On March 18, 2018, the Fishers filed a new action in an effort to preserve their claims.¹⁸

The Fishers now ask this Court to reconsider its order dismissing this action.¹⁹ The Fishers argue that the allegations in their original complaint were sufficient to confer subject-matter jurisdiction.²⁰ In effect, the Fishers reargue the same position they argued before the Magistrate Judge on their motion for leave to file the first amended complaint.²¹ The Fishers

---

¹⁵ R. Doc. 31 at 4.
¹⁶ *Id*. Although the Fishers did not seek review of the Magistrate Judge's findings and ruling, this Court has examined them in the face of the Fishers' contentions in this motion. While the Fishers did allege a failure to warn in their original complaint, the complaint is devoid of any allegation that the danger said to exist on March 18, 2017, the day of the accident, were known to the park employees. This omission distinguishes the case upon which the Fishers rely, *Greer v. United States*, 333 F. Supp. 3d 631 (W.D. La. 2018), which involved an express allegation that the United States Army Corp of Engineers' employees there had through their own actions created the danger about which they failed to warn. Here, at most, the Fishers' allegations are that the park employees knew that the danger (a muddy trail) had existed in the past, not that it was known to exist on the day of the accident, and certainly not that the park employees had created the danger. Consequently, the Magistrate Judge's ruling that amendment was futile was correct because the proposed amendment failed to cure this defective jurisdictional fact.
¹⁷ R. Doc. 32.
¹⁸ Civil action no. 19-2448, R. Doc. 1.
¹⁹ R. Doc. 34.
²⁰ *Id.* at 6-9.
²¹ R. Doc. 17.

3

further argue that this Court has the authority to permit amendment to remedy jurisdictional defects, that the second amended complaint contains new allegations of a failure to warn about known dangers, including testimony from a former park employee, and that dismissal without permitting equitable tolling for a new lawsuit would result in manifest injustice as the prescriptive period has expired.[22] The USA opposes the motion arguing that the Fishers do not offer new arguments, or demonstrate a change in law or manifest injustice, but notes that federal courts do have authority to permit amendments to correct defective jurisdictional allegations.[23]

**II. ANALYSIS**

The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed within the time limit set by the Rule. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). A party must file a motion to alter or amend within 28 days of the entry of the judgment from which relief is sought. Here, the Fishers filed their motion for reconsideration within this period. Thus, the Court evaluates the motion under Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001). The grant of such a motion is an "extraordinary remedy that should be

---

[22] R. Doc. 39.
[23] R. Doc. 35.

used sparingly." *Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca–Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004) (citation omitted). A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1990).

This Court finds no grounds to reconsider its order dismissing this action. The Magistrate Judge concluded that this Court lacked subject-matter jurisdiction over the original complaint and the proposed amended complaint was futile to confer subject-matter jurisdiction.[24] The Fishers did not appeal the Magistrate Judge's order. Based on the Magistrate Judge's findings that the court lacked subject-matter jurisdiction over the original complaint, this Court previously determined that "never having had power to act in the matter, the court never had authority to permit an amendment to the complaint." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (quotation and citation omitted). Although federal courts may allow amendment where justice so requires, *see* Fed. R. Civ. P. 15(a)(2), here, the Fishers offer no new facts or factual allegations to correct the deficiencies in the jurisdictional facts found by the Magistrate Judge. "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989) (quoting *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). "While a district court can 'remedy inadequate jurisdictional allegations,' it cannot remedy 'defective jurisdictional facts.'" *Whitmire*, 212 F.3d at 888 (quoting *Newman-Green,* 490 U.S. at 832 n.5 (citing, *inter alia*, *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775-76 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985))). "[A] plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction,

---

[24] R. Doc. 31.

it may not be created by amendment." *Whitmire*, 212 F.3d at 888 (quoting MOORE'S FEDERAL PRACTICE § 15.14[3], at 15-34 (3d ed. 1999)).

The Fishers allege no new facts in their second amended complaint to resolve the jurisdictional issues of the original and proposed first amended complaints.[25] The second amended complaint was substantially similar to the proposed first amended complaint which was held deficient for lack of jurisdiction.[26] The additional allegations are unavailing to confer subject-matter jurisdiction and do not resolve this court's lack of subject-matter jurisdiction.[27] Therefore, without new evidence remedying the defects in jurisdictional facts, and thus without the power to act, and further without a demonstration of manifest injustice or error, this Court declines to reconsider its order dismissing this action.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Fishers' motion for reconsideration (R. Doc. 34) is DENIED.

New Orleans, Louisiana, this 31st day of August, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[25] R. Doc. 30. Specifically, the second amended complaint contains no factual allegation that the park employees knew that the trail was muddy and posed a danger on the day of Amanda Fisher's accident. Instead, the new allegations of fact are also conclusory, general, and untethered to time.
[26] *Id*.
[27] Further, this Court has now held in the Fishers' more recent case, civil action no. 19-cv-2448, that it lacks subject-matter jurisdiction over the Fishers' claims because the federal government has not waived its sovereign immunity under the FTCA's discretionary function exception. Thus, as an alternative basis for dismissal, this Court concludes that it lacks subject-matter jurisdiction because the USA is immune from suit for the Fishers' claims under the discretionary function exception.